Our next case is No. 23-19-06, CAO Lighting, Inc. v. Feit Electric Company, Inc. Okay, Mr. Cahill. Good morning, and may it please the Court. This Court should reverse the summary judgment of non-infringement below because the District Court made three errors in claim construction in reaching its conclusion. These three claim construction errors build on each other, so if this Court agrees with us, at any point in the three-error chain, it can reverse. So you're about to tell me three alternative reasons for reversal. Is that what you just said? They build on each other. So for example, if the Court agrees with us on the first one, there's no need to consider the other two. Oh, okay. The chain ends there. Sorry. I get it. So first, the District Court incorrectly concluded that the first and second reflective layers of claim aid were limited to epitaxial layers, a result that does not comport with the plain meaning of the words or the claim language itself. Second, the District Court incorrectly construed other epitaxial layers, saying that every epitaxial layer, and thus the first and second reflective layers in its view, must be other epitaxial layers. Third, the District Court incorrectly concluded that because a recited buffer layer mitigates the differences in material properties between the substrate and the other epitaxial layers, the first and second reflective layers must be made of different materials than the substrate. So if you went on the first of those, that the reflective layer doesn't have to be epitaxial, does that clear the board and go straight to a vacate and remand? Yes, Your Honor. What about the alternative ground of affirmance about the separate components? Yes. FITE has raised that argument separately. And yes, the court— You'd have to deal with that still? Yes. Okay. Could you— We don't have to deal with that? Or if we rule for you on the other points, we should remand to have the District Court consider that again? So below, FITE made the same argument. Judge Barat disagreed. He ruled that— He disagreed in part, as I read it, relying on the epitaxial layer point. If he went on that, we're in a different situation. That is one way to look at it. He did reference the reflective layers being epitaxial layers in his Becton-Dickinson analysis. I think his analysis still applies anyway, because the reflective layers in the specification could be epitaxial layers. And so his analysis under Becton-Dickinson still applies. But as strictly stated by Judge Barat below, Your Honor is correct. Okay. So my only question at that point was, if we rule for you on the grounds that he did opt for summary judgment of non-infringement, and you win on that, what should we do about this other issue that Judge Murphy has raised? Should we remand on that, or should we try to decide it ourselves? Well, I think this Court can decide it. It's an issue of— Oh, yeah. We can. It's a matter of frame construction. But it does rely on the epitaxial layer finding. So the Court could remand it for Judge Barat to reconsider. Is all the summary judgment briefing that we would need to resolve it somewhere in these papers? Yes, Your Honor. Unfortunately, it is. And it's addressed in our appellate brief as well, but a significant amount of the summary judgment briefing. The argument about the point in the briefing here is pretty sketchy, pretty thin. Well, maybe that leads the Court to its conclusion, that Becton-Dickinson doesn't apply. And the Court's analysis below was sound, and it hasn't actually been challenged. And that is that if you look at Becton-Dickinson and you look at retractable technologies, in the retractable technologies case, the presumption didn't apply because there were two elements that had a bridging portion that connected them. And then Judge Barat looks at the 9-6-1 patent that's at issue here and says, well, yeah, all these layers can be connected, they can be part of a chip. And so they don't have to be different structures. Okay. That's still sound. But this is unlike any other case that I've seen involving the Becton-Dickinson issue in the sense that you have one limitation in Plain 7 and then the other limitation in Plain 8. And the suggestion is that they could be satisfied by a single structure. Maybe that's a bit questionable when you have the two limitations in different planes. And that was not addressable. Right. So the first and second reflective layers have been given their plain and ordinary meaning in several courts in different forms. In every case, those terms have been given their plain and ordinary meaning. So for example, the court below, the District of Delaware, the PTAB, have all agreed that reflective layers of the claim are distinct from each other, they reflect light from the reflective layer, and that they had to reflect more than a negligible amount of light. And that there were no other limitations on those terms. That was the case below until the summary judgment hearing when the court suggested that the reflective layers were epitaxial layers. What are all your reasons for why they don't have to be epitaxial layers? Going through the claim language, the specification, things like that. So first of all, the term layer, a layer doesn't have to be an epitaxial layer. There are no epitaxial layer requirements in Claim 8. And there are, the specification discloses layers, uses the word layer to refer to things that are deposited, right? Yes, it does. There are several instances where it does that. Phosphor, layers, thermoelectric, lining or layer. And so layer, generally, layer in the patent isn't limited to epitaxial layers. If one looks at Claims 7 and 8 together, Claim 7 doesn't expressly say that any particular layer is an epitaxial layer. And it doesn't say on which all epitaxial layers or only epitaxial layers are grown, right?  So we've provided a chart in our reply that talks about the locational language of the layers in Claim 7, some of which need to be above the substrate and that a person of ordinary skill in the art might fairly characterize as needing to be epitaxial. But then there are other layers, like the reflective layers, that have no locational requirements. They could be anywhere. And so they don't have to be grown above the substrate, they don't have to be epitaxial layers. They could be anywhere, and they just need to be layers. Now, didn't the district court read the language, other epitaxial layers, as suggesting that every other layer was an epitaxial layer? Do I remember that correctly? Yes. I think that's your second argument. Yes. So in Claim 7, the buffer layer is said to be located on the substrate and it serves to mitigate differences in material properties between said substrate and other epitaxial layers. And the court wanted to know what the other epitaxial layers are. And that is where the chart is that we prepared to show where the layers go. The court below concluded that other epitaxial layers wasn't some subset of the epitaxial layers, that it was all epitaxial layers. And it can't be all epitaxial layers because it can't include the buffer, because it's the buffer that mitigates between the others. And so the court didn't get that right. And there's no reason why one would expect the reflective layers to be other epitaxial layers. In Claim 7, the buffer layer has locational information about being on the substrate. The first cladding layer is adjacent to the buffer layer. The active layer is between the first and second cladding layers. You know where those layers are and they're above the substrate and above the buffer. There's no such information in the claims for the reflective layers. So there's no reason to believe that the reflective layers would be other epitaxial layers. So we think that these claim construction issues are straightforward applications of the Phillips standard. Judge Barad did, in fact, look to the claim language and then look to the specification in the order that Phillips suggests, but when he looked at the claim language, he got the claims wrong. He looked at it and saw epitaxial layers, reflective layers, the layers must be epitaxial. But there's no basis in the claim, there's no basis in the ordinary meaning for saying that. It's just word matching. And it doesn't get the claim meaning correct. Second, he goes to the specification and he looks to an embodiment for a laser chip, a VXL as we call it. And there, that embodiment is excluded from the claims, but more importantly, when you look to that embodiment, the first thing you change to apply its teachings to an LED, the first thing you change is the reflective layers. So you can't go to that embodiment and say those must be the reflective layers in the  Because the experts say they're not. You would modify them to use them in an LED. So I will save the rest of my time for Baudrillard and we'll see what he's going to do next. Mr. Deichel? Is that how you pronounce it? It is. Thank you, Your Honor. Deichel? Deichel. Deichel. Okay, you got it right.  May it please the Court. This Court should affirm the summary judgment ruling of the District Court. I'll jump right into the arguments my colleague made. We disagree that any one of the three steps would result in reversal. All this Court needs to decide is that a reflective layer is epitaxial. Okay, let's start there. Yes. The claim language is where the Courts start to define the terms. If you look at the claims themselves, it is clear that a reflective layer is epitaxial. I'm having a hard time seeing that. So what specific language are you relying on? Sure. So in Dependent Claim 7, the term layer is first introduced. And when it's introduced, it says there are a number of epitaxial layers. Then it goes on to describe a number of exotap epitaxial layers. But Claim 7 does not say an active epitaxial layer, a cladding epitaxial layer. It says layers. You left out something important, though, because you started with layers, but I think maybe you should have started the line before where it says, a device is recited in Claim 1 wherein said chip includes. And then it says epitaxial layers and discusses some layers. Then when you go to Claim 8 where it introduces the reflective layers, it says a device is recited in Claim 7 further comprising a first and second reflective layers. It doesn't say that the chip further comprises a first and second layers. It says the device does. That's right. Isn't that significant? It doesn't make any difference to our argument because Claim 7, I'm sorry, Claim 8 says the device of Claim 7. And Claim 7 is the first claim that recites the chip. And when Claim 7 discusses the chip, it is discussing layers. It is discussing the epitaxial layers. And my point is in Dependent Claim 7, it doesn't say an active epitaxial layer, a cladding epitaxial layer. A person of ordinary skill would understand that after Claim 7 introduces the concept of an epitaxial layer, the layers that it goes on to recite, the same layers that are depicted throughout the specification are epitaxial. I'm sorry to interrupt you, but there are a lot of canons of construction that would say actually when you take away the adjective describing layer, it means that the layer can be any kind of layer. So there's epitaxial layer. And then later when you purposefully use the word layer without having epitaxial before it, it means that it's broader. So how do you respond to that? I mean, it's a canon of construction. It is, but again, we need to look at how one of ordinary skill in the art would understand the claims. And when you look at Claim 8, you are correct. It does not say epitaxial layers, but it also does not say the active epitaxial layer from Claim 7. It says the active layer. A person of ordinary skill would understand. I don't understand why you're emphasizing active. Because active is recited in Claim 8, just like reflective layers is recited in Claim 8. And a person of ordinary skill would not look at Claim 8 and think, oh, the word active here does not have the word epitaxial in front of it, so maybe it's something else. Similarly, when you're discussing reflective layers on either side of that active epitaxial layer, one of ordinary skill would understand, okay, we're talking about layers. Where have I seen layers in these claims before? In Claim 7, when they recite the chip layer. Did you put in expert testimony to this effect, or is this just your lawyer argument? This is claim construction principles. So I'm arguing from a legal perspective how one of ordinary skill would interpret these claims. But there is evidence in the record that supports that this is how one of ordinary skill would understand. What's the fact that your specification refers to various layers that aren't epitaxial? There's only a handful of instances, and none of them could be misinterpreted by one of ordinary skill as being epitaxial. The two examples from the specification are a phosphor layer, which one of ordinary skill would understand is not epitaxial. That's a coating over the LED chip that can convert it to monochromatic light. I think that's undisputed. Even somebody who's not a person of ordinary skill in the art like me could understand it wasn't epitaxial when I read it. And so the point is, though, that when an inventor, in his specification, uses the word more generically, not to mean something special, it's really hard for us to import that meaning that you're trying to attribute to it now into the claim when it's just used generically without the epitaxial modifier. So following the logic that the district court did, if you start with the claims and understand Claim 7 is talking about a chip, and that's the first time layers are decided, Claim 8 depends directly from Claim 7. So with Claim 7 in mind, where the layers are epitaxial, including an active layer which no one disputes is epitaxial, when Claim 8 is introduced and introduces reflective layers, one of ordinary skill to understand those layers are epitaxial, just like the layers in Claim 7 were introduced as epitaxial. Second, well, you said they're introduced as epitaxial. It says a substrate on which epitaxial layers are grown, comma, and then there's a bunch of layers that are recited. And I appreciate that it's not disputed that some of these are epitaxial layers, but, I don't know, it could equally be some are known to be epitaxial and some are not. I don't really have a particular reason to think one or the other. But grammatically in the claim, I just noticed it doesn't say a substrate on which epitaxial layers are grown, said epitaxial layers comprising. That's exactly my point. Those layers are understood to be epitaxial without the claim saying the following layers are epitaxial. But that's, that might be, that understanding, I don't have to believe that that understanding is a matter of grammar. That understanding could simply be, that could be not contested simply because, as a matter of technical fact, that's just what those kinds of layers are. I don't know. That's also correct, and that's the teachings from the specification indicate that that's true as well. The layers that are not epitaxial from the specification are clearly not epitaxial layers. You've got the phosphor layer, which is the coating over the chip, and you've got an adhesive layer underneath the chip. A person of ordinary skill would not confuse those to be epitaxial. In stark contrast, reflective layers are only used in the context of epitaxial layers with the Vexil chips. So, reading the… Which are not an LED. It actually is a type of LED. It's an LED with reflective layers. The inventor said that a Vexil chip could be an LED. We refer to them as Vexils. It's, you take an LED chip, it's a light-emitting diode. A Vexil has a light-emitting diode with layers on either side. Those layers, the reflective layers, when the LED emits the light, the light bounces between the reflective until it lasers. That's the purpose of reflective layers, and everything in the specification is consistent that that is what the reflective layers are for. I thought it was uncontested that these claims don't cover the Vexil embodiment. It's not uncontested. What I think actually happened, Claims 1 through 20 were drafted in the original patent application. Claim 7 is directed to a generic LED. Claim 8 adds the reflective layers that then covers the specific Vexil chip. Through the reexamination process in 2010 and 2011, all of these claims were canceled. Later, prosecution counsel added Claim 21, which said they attempted to select from the Marcouche group, but they actually failed at that because if you look at the actual language of Claim 21, it says, set at least one semiconductor chip as a light-emitting diode chip. That's actually not in the Marcouche group. So you already have to make a leak that when they're talking about a light-emitting diode chip, they're actually talking about a light-emitting diode. What do you think is your best evidence, and you don't have expert testimony, but your best evidence that a person of ordinary skill in the art would know that that reflective layer must be epitaxial? The best evidence is from the claim language themselves. Reading Claim 7, you immediately see the introduction of epitaxial layers. Even though it doesn't say the active layer is epitaxial, even though it doesn't say the cladding layer is epitaxial, one of ordinary skill would understand they're epitaxial. Claim 8 introduces new layers, which refer to the active layer, which no one thinks is epitaxial. How would I know that a person of ordinary skill in the art would read this and say active layer must be epitaxial, cladding layer must be epitaxial? There's nothing, you know, the way claims are commonly written and broadly understood when they're interpreted is not to read words into it that aren't there. That's correct, Your Honor. So if a person of ordinary skill would find ambiguity in the claims, which I don't think there is, but if one of ordinary skill wanted to confirm it... I want to know, like, what is your evidence that a person of ordinary skill in the art... I guess I'm going to Judge Dyke's question. There's no expert testimony, but is there something else that would allow me to understand? I think what you're arguing is that the reflective layer has to be epitaxial. I think that's what you're arguing. The reflective layer from the context is epitaxial. One of ordinary skill would consult the specification, and the specification would indicate there is no reference to any reflective layer other than in the context of those epitaxial layers. So you're saying the claims should be interpreted that way because every embodiment is an epitaxial layer? No, I'm saying the understanding from the claims, because the claims introduce the term epitaxial, it's... But it doesn't say a substrate on which only epitaxial layers are grown, right? It says epitaxial layers are grown, and then it goes on to proceed to identify about eight layers, and it doesn't say which ones are epitaxial and which ones aren't. That's true, but in this instance the parties have agreed that the construction of substrate is a pad upon which epitaxial layers are grown. That's agreed. So the layers that are on the substrate have been agreed to be the epitaxial layers. Does it mean that every layer is epitaxial? I mean, it could be that epitaxial layers are grown there, but then something's put on top of it, that some of the layers could be deposited. By definition and by agreement of the parties, if it's grown on the substrate, it's epitaxial. That is the definition of epitaxial. It's Greek for grown on. May I ask a question referencing back to where we started this oral argument? Suppose that we disagree with you, and we say that the reflective layers don't have to be epitaxial. How would you propose that we handle the alternative ground having to do with the same components? Yes, Your Honor. As this Court knows, it can affirm on any ground, even different from the district court. Under Beck and Dickinson, when separate terms are recited, they're presumed to be separate, and we looked at the specification to see if there's any indication that a single component can serve both functions. Yeah, but that's the merits of the argument. Should we decide that issue now, or will we decide it in the first instance on remand? The district court, since the reasoning of the district court on this issue will be affected by a ruling that reflective layers don't have to be epitaxial. I see your point. It appears to be a claim construction issue to me that this Court is well qualified to address now without sending it back down to the district court. In the specification, it is 100% clear. It talks about a substrate. Nowhere in the specification does it ever say a substrate can act as a layer. There are references to a phosphor layer. There are references to an adhesive layer. But the specification is clear that the substrate is that upon which layers are grown. Again, that's an agreed upon construction. If we start with the premise that a substrate is there to grow layers on, whether epitaxial or not, then to satisfy or to overcome the Becton-Dickinson presumption, we would need to find something in the specification that would indicate that substrate can also be a layer, as recited in the claims. And there's absolutely nothing in the specification and nothing cited by Cal Lighting that indicates that substrate could serve both purposes. And when you say substrate, you're referring to in the accused device, right? What are you referring to as the substrate? I'm referring to the specification. All of the diagrams in the specification, every single diagram that depicts chip layers has a substrate at the bottom and then layers at the top. And there's seven or eight of these figures. You keep saying that you'd be using the substrate to satisfy both limitations, but it's the substrate and then the other layer is just the etched part of the substrate, little cones, right? In combination with, it's that area right there. That's two different parts of the substrate. But it's all the substrate. And if you look in Cal's infringement contentions, they identify that part, the etched layers, which are not epitaxial because they're etched, they're not grown. Cal identifies all of that as the substrate. And our position is you cannot identify the substrate as the reflective layer. That is not supported by the specification. There is nothing to overcome the presumption that these separate recited components can serve that same purpose. It's also supported because Claim 8 says further comprising. And it says it's not, it's introducing further components. A first reflective layer on either side of the active layer. One of ordinary school would not look back and say, oh, well, the substrate may be satisfied with this further comprising. Why can't they say half the substrate satisfies it and the part with the cone satisfies the other claim element? Why can't they, you know? Because the specification and the parties agree that the substrate is where the layers sit on top of the substrate. You can't identify a substrate and have the layers be sitting on top of itself. That is a contradiction. The claim doesn't say that the other layers are on the substrate at every point on the substrate. The claims define the substrate as that upon which layers are grown. And the parties have agreed that the construction of substrate is... But it doesn't say the substrate is flat horizontally. No, it doesn't. But by the nature of the language, the layers are on the substrate. Right. The substrate is not a layer. The layers are on the substrate. That's straight from the claim. What do you think of the word on means? Could something be on something but not touch it at every place? You know, this is on the napkins. It's on the napkins, right? It is, but it's not the napkins. If I said the piece of paper, sorry, the napkin, is the device upon which the paper sets, you wouldn't say, oh, the napkin can be part of the paper because you've already defined the napkin as the base. And the substrate term itself, a substrate is, by its own plain and ordinary meaning, something upon which other things rest. Okay. I think we're out of time. Thank you. Thank you. Mr. Cahill? You have four minutes. I think it is contested. Excuse me. I think it's not contested that a VXL chip is not claimed here. There's six members of a Marcouche group, one of which is an LED, one of which is a VXL. And in claim 21, a selection is made to choose the LED. Certainly those things have elements in common, but they also have elements that are different. And one of the differences is the way the reflective layers apply. And there is expert testimony on that, and it's cited in our reply brief. So a substrate is, in fact, a pattern in which epitaxial layers are grown. And the word grown is important here because epitaxy is a process of growing crystals. And so, yes, there are layers of crystal that are grown on a substrate, but not everything everywhere becomes an epitaxial layer. There are more than a few references to PTAB proceedings involving these claim terms. And, in fact, the PTAB found two reflective layers, first and second reflective layers, that were not epitaxial layers. There was a metal layer on top of the chip and a metal layer maybe on the bottom of the chip. And so they were not epitaxial. And that was as a result of FITE joining in a challenge to these claims. So the reflective layers do not need to be epitaxial, and nothing in the claims tells you that they must be. Nothing in the specification tells you that they must be. Can you turn to the Beckton-Dickinson issue? Your friend on the other side used the phrase Beckton-Dickinson presumption. Do you see it the same way? That there's a presumption in their favor? So there are some cases that follow Beckton-Dickinson and they call it a presumption when things are recited separately. If there's nothing in the claims and nothing in the specification to suggest that they could be together. Now, this issue was raised by a different defendant, but same issue, same claim construction in Delaware. And what Judge Williams said is, the court declines to construe further comprising is creating a negative limitation requiring separate structures for the first reflective layer and the substrate. Judge Barat below found that the specification overcame the presumption. I agree that there are some cases that call it a Beckton-Dickinson presumption, but it seems to be an awfully weak one because there are a lot of cases out there that distinguish it. We've cited several of them in our briefing. And Judge Barat relied on one, the retractable technologies case, that specifically distinguished Beckton-Dickinson. And there are many that do. So I agree that some cases call it a Beckton-Dickinson presumption. Do you agree that it is fundamentally a claim construction issue? I think it is a claim construction issue. Okay. Anything further? Nothing further. If the court has no more questions. Okay. Thank you. Thank both counsel. The case is submitted.